IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
(WESTERN DIVISION)

Civil Action No.: 5:19-CT-3234-FL

| | |
|---|---|
| STEVE M. TOLBERT,<br><br>         Plaintiff,<br><br>v.<br><br>DR. HUSSEIN, DR. COLEMAN, DR. URENE, DR. DEMEKO, DR. STEWART, and JOHN DOE #1 and #2,<br><br>         Defendants. | **ANSWER OF DEFENDANT COLEMAN TO COMPLAINT** |

Arnett Coleman, M.D. (hereinafter "Defendant Coleman"), by and through counsel, responds to and answers the Complaint (DE 16) of Steve M. Tolbert ("Plaintiff") as follows:

**FIRST DEFENSE**

As set forth in the verified Affidavit attached hereto as Exhibit A, Defendant Coleman was not involved in Plaintiff's care at any time and has been mistakenly included as a defendant in this case.

**SECOND DEFENSE**

Plaintiff's Complaint fails to state valid claims for relief against Defendant Coleman and should be dismissed. Defendant Coleman was not involved in Plaintiff's care and Plaintiff's claims are barred by the statute of limitations. Moreover, Plaintiff's allegations against Defendant Coleman fail to state a valid deliberate indifference claim and are barred by sovereign, governmental, and qualified immunity.

### THIRD DEFENSE

Defendant Coleman pleads sovereign and governmental immunity as a complete bar and defense to all applicable claims asserted against him in this action.

### FOURTH DEFENSE

Defendant Coleman asserts qualified immunity as a complete defense and bar to all applicable claims asserted against him in this action.

### FIFTH DEFENSE

Defendant Coleman pleads public official / public officer immunity as a complete defense and bar to all applicable claims asserted against him in this action.

### SIXTH DEFENSE

Without waiving any defenses or applicable immunities and specifically retaining the same, Defendant Coleman responds to the Sections of Plaintiff's Complaint (DE 16) as follows:

1. As to Section I of Plaintiff's Complaint entitled "Complaint", it is admitted that Plaintiff's Complaint speaks for itself as to the nature of the claims asserted therein against Defendant Coleman (all of which are denied). Except as admitted, this Section is denied. This Section is specifically denied to the extent it asserts or implies that Defendant Coleman was involved in Plaintiff's care, that Defendant Coleman engaged in wrongful or unconstitutional conduct, or that Defendant Coleman is liable to Plaintiff based upon any theory of recovery.

2. As to Section II of Plaintiff's Complaint entitled "Plaintiff Information", Defendant Coleman lacks sufficient information and knowledge to form a belief as to the truth of said allegations and this Section is therefore denied.

3. As to Section III of Plaintiff's Complaint entitled "Prisoner Status", it is admitted upon information and belief that Plaintiff is a prisoner in custody with the North Carolina Department of Public Safety. Except as admitted, Section III is denied.

4. As to Section IV of Plaintiff's Complaint entitled "Defendant Information", it is admitted that Defendant Coleman is a licensed physician. Except as admitted, this Section is denied as to Defendant Coleman. Defendant Coleman lacks sufficient information and knowledge to form a belief as to the truth of the allegations in this Section regarding the other named Defendants and said allegations are therefore denied. Except as admitted, this Section is denied. This Section is specifically denied to the extent it asserts or implies that Defendant Coleman was involved in Plaintiff's care, that Defendant Coleman engaged in wrongful or unconstitutional conduct, or that Defendant Coleman is liable to Plaintiff based upon any theory of recovery.

5. As to Section V of Plaintiff's Complaint entitled "Statement of Claim", the allegations in this Section are denied as to Defendant Coleman. Defendant Coleman lacks sufficient information and knowledge to form a belief as to the truth of the allegations in this Section regarding the other named Defendants and said allegations are therefore denied. Except as admitted, this Section is denied. This Section is specifically denied to the extent it asserts or implies that Defendant Coleman was involved in Plaintiff's care, that Defendant Coleman engaged in wrongful or unconstitutional conduct, or that Defendant Coleman is liable to Plaintiff based upon any theory of recovery.

6. As to Section VI of Plaintiff's Complaint entitled "Administrative Remedies", this Section is denied as to Defendant Coleman. Defendant Coleman lacks sufficient information and knowledge to form a belief as to the truth of the allegations in this Section as to whether Plaintiff attempted to exhaust administrative remedies as to the other named Defendants and said

allegations are therefore denied based upon insufficient information and knowledge. Except as admitted, this Section is denied. This Section is specifically denied to the extent it asserts or implies that Defendant Coleman was involved in Plaintiff's care, that Defendant Coleman engaged in wrongful or unconstitutional conduct, or that Defendant Coleman is liable to Plaintiff based upon any theory of recovery.

7. As to Section VII of Plaintiff's Complaint entitled "Relief", the allegations in this Section are denied. This Section is specifically denied to the extent it asserts or implies that Defendant Coleman was involved in Plaintiff's care, that Plaintiff's constitutional rights were violated, that Defendant Coleman engaged in deliberately indifferent or other wrongful conduct, or that Plaintiff is entitled to any relief from Defendant Coleman.

Each and every allegation of Plaintiff's Complaint, not herein specifically admitted, is denied.

### SEVENTH DEFENSE

To the extent not already asserted herein, Defendant Coleman pleads all applicable immunities (including all absolute, qualified, governmental, and sovereign immunities) to which he is entitled by law as a complete bar to all claims herein.

### EIGHTH DEFENSE

Defendant Coleman denies that Plaintiff's constitutional rights were violated by him and denies that he subjected Plaintiff to deliberately indifferent conduct at any time.

### NINTH DEFENSE

Plaintiff's alleged, but denied, damages were not proximately caused by any act or omission by Defendant Coleman.

4

## TENTH DEFENSE

Plaintiff's Complaint fails to assert or state sufficient facts to support an official capacity claim against Defendant Coleman.

## ELEVENTH DEFENSE

Defendant Coleman pleads all applicable statutes of limitations and statutes of repose as a complete defense to all claims.

## TWELFTH DEFENSE

Defendant Coleman pleads Plaintiff's failure to exhaust administrative remedies as a bar and defense to all claims asserted against him in this action.

## THIRTEENTH DEFENSE

Defendant Coleman pleads the doctrine of intervening, superseding and insulating conduct of other persons and entities as a defense and bar to all applicable claims.

## FOURTEENTH DEFENSE

Defendant Coleman pleads the doctrine of contributory negligence as a defense to all applicable claims.

## FIFTEENTH DEFENSE

Defendant Coleman pleads Plaintiff's failure to mitigate damages as a bar to all applicable claims, damages, and injuries herein.

## SIXTEENTH DEFENSE

To the extent Plaintiff is attempting herein to assert medical malpractice claims or negligence claims against Defendant Coleman arising out of the provision of medical care, Plaintiff's claims are invalid as a matter of law and should be dismissed based upon Plaintiff's

failure to comply with the expert certification provisions of Rule 9(j) of the North Carolina Rules of Civil Procedure.

**SEVENTEENTH DEFENSE**

In the event it is determined that Plaintiff is entitled to an award for non-economic damages in connection with any alleged but denied claims and/or allegations of medical malpractice claims against this Defendant (which is denied), the amount of non-economic damages for which judgment is entered against this Defendant shall not exceed the statutory cap allowed by North Carolina law including N.C. Gen. Stat. § 90-21.19. Defendant Coleman specifically pleads this cap and all other limits on recovery and all protections afforded to healthcare providers in North Carolina including the limits and protections set forth in N.C. Senate Bill 33, N.C. Gen. Stat. § 90-21.19, the North Carolina Rules of Civil Procedure and the North Carolina Rules of Evidence; said protections including but not limited to statutory caps on recovery, bifurcation of the issues of liability and damage pursuant to Rule 42(b)(3), burden of proof requirements regarding liability and damages (including medical expenses), the orderly presentation of witnesses and evidence, and expert witness requirements.

**EIGHTEENTH DEFENSE**

In the event Plaintiff receives or has received any settlements or other compensation or recovery for the claims, injuries, and damages alleged in this action. Defendant Coleman is entitled to and hereby requests a set-off in the amount of said settlements and recovery to the extent allowed by law in the event that a judgment is entered in this action against Defendant Coleman.

**NINETEENTH DEFENSE**

In the event the Court determines that Plaintiff is attempting herein to assert a claim for punitive damages against Defendant Coleman, Defendant Coleman asserts that Plaintiff's

6

Case 5:19-ct-03234-FL    Document 40    Filed 06/01/20    Page 6 of 9

Complaint fails to assert sufficient facts to state or support an award of punitive damages against him. No allegations are asserted in the Complaint which set forth or forecast intentional or reckless disregard by Defendant Coleman and/or the required intent or aggravated conduct required to support or prevail as to a claim for punitive damages. As a further defense to Plaintiff's punitive damages claims, Defendant Coleman asserts that the imposition of punitive damages based upon the allegations herein violates the North Carolina and United States Constitutions. Additionally, as a defense to Plaintiff's claims for punitive damages, Defendant Coleman raises all defenses, rights, remedies, immunities, caps, and limits set forth in N.C. Gen. Stat. § 1D, et. seq., as a bar or limitation to Plaintiff's right to recover punitive damages against this Defendant. Defendant Coleman also asserts the right to (and requests herein) a bifurcated trial as to evidence of and the issue of punitive damages per N.C. Gen. Stat. § 1D-30.

## TWENTIETH DEFENSE

In the event it is determined that Plaintiff has filed three or more prior actions as a *pro se* prisoner which have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim, Plaintiff's claims herein should be dismissed based upon the three strikes provision of 28 U.S.C § 1915(g).

## TWENTY-FIRST DEFENSE

Defendant Coleman raises all applicable defenses asserted by the Co-Defendants in response to Plaintiff's Complaint.

## SUPPLEMENTAL DEFENSES

Defendant Coleman reserves the right to assert any additional and further defenses as may be revealed and established during discovery.

WHEREFORE, having responded to the allegations of Plaintiff's Complaint (DE 16) and having asserted the above noted defenses and immunities, Defendant Coleman prays the Court as follows:

1. That Plaintiff's claims against Defendant Coleman be dismissed and deemed frivolous.

2. That Plaintiff have and recover nothing from Defendant Coleman;

3. That the costs of this action, including attorney fees to the extent allowed by law, be taxed against Plaintiff.

4. For a trial by jury on all issues of fact so triable herein.

5. For such other and further relief as the Court deems just and proper.

This the 1st day of June, 2020.

/s/ Kari R. Johnson
KARI R. JOHNSON
N.C. State Bar No. 16033
E-mail: kjohnson@battenlee.com
BATTEN LEE PLLC
4141 Parklake Avenue, Suite 350
Raleigh, North Carolina 27612
Telephone: 919-459-4293
Facsimile: 919-780-5382
*Attorneys for Defendant Coleman*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date set forth below, the undersigned electronically filed the foregoing "Answer" with the Clerk of Court using the CM/ECF system which will send notification via electronic mail to the following parties who are CM/ECF filers or represented by counsel who are CM/ECF filers. The undersigned certifies further that Plaintiff, who is appearing herein *pro se* and is not to counsel's knowledge a CM/ECF filer, will be served via U.S. Mail, postage prepaid, addressed as set forth below:

Steve M. Tolbert
Offender No. 409607
Harnett Correctional Institution
P.O. Box 1569
Lillington, NC 27546
*Pro Se Plaintiff*

Elizabeth Pharr McCullough
E-mail: epm@youngmoorelaw.com
Madeleine Pfefferle
E-mail: Madeleine.Pfefferle@youngmoorelaw.com
Young, Moore & Henderson
P.O. Box 31627
Raleigh, NC 27622
*Attorney for Defendant Urene*

This the 1st day of June, 2020.

/s/ Kari R. Johnson
KARI R. JOHNSON
N.C. State Bar No. 16033
E-mail: kjohnson@battenlee.com
BATTEN LEE PLLC
4141 Parklake Avenue, Suite 350
Raleigh, North Carolina 27612
Telephone: 919-459-4293
Facsimile: 919-780-5382
*Attorneys for Defendant Coleman*