IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CT-3234-FL

| | | |
|---|---|---|
| STEVE M. TOLBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SAMI HASSAN, DR. ROBERT UHREN, | ) | |
| KEITH D'AMICO, PETER WOGLOM, | ) | |
| PHILIP STOVER, ABHAY AGARWAL, | ) | |
| and LEONARD POLANCO,[1] | ) | |
| | ) | |
| Defendants.[2,3] | ) | |

This matter is before the court on motions to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendants Abhay Agarwal ("Agarwal"), Philip Stover ("Stover"), and Leonard Polanco ("Polanco") (DE 94, 109). Also before the court are plaintiff's failure to perfect service on defendant Keith D'Amico ("D'Amico"), plaintiff's motions to stay all case deadlines (DE 117) and for copies (DE 120), and defendant Robert Uhren's failure to file a dispositive motion by the February 27, 2022, deadline.[4] Plaintiff did not respond to the

---

[1] Plaintiff named "Dr. Planco" as a defendant in this action. However, defendant responded that his full correct name is "Leonard Polanco." Accordingly, the court will direct the clerk to correct "Dr. Planco" to "Leonard Polanco" on the docket.

[2] In plaintiff's motion to amend filed January 27, 2021, plaintiff identified John Doe 1 as Peter Woglom and John Doe 2 as Robert Uhren. The court granted the motion to amend on April 16, 2021. Accordingly, the court will direct the clerk to amend the docket removing defendants "John Does 1-2."

[3] Formerly-named defendants NCDPS Medical Staff and Dr. Stewart were dismissed from this action by court order on January 22, 2020. Formerly-named defendant Arnett Coleman was dismissed by court order on August 14, 2020.

[4] Also pending are motions for summary judgment (DE 97, 121) filed by defendants Peter Woglom and Sami

motions to dismiss, and in this posture, the issues raised therein are ripe for ruling. For the reasons that follow, the court grants plaintiff's motion to stay and defendants' motions to dismiss, and grants in part and denies in part plaintiff's motion for copies. The court also dismisses defendant D'Amico from the action and directs defendant Uhren to file any dispositive motion within 21 days after entry of this order.

## STATEMENT OF THE CASE

Plaintiff, a state inmate proceeding pro se, commenced this action by filing a complaint on August 7, 2019, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff names the following doctors providing medical services to state prisoners as defendants: Sami Hassan ("Hassan"), Robert Uhren ("Uhren"), D'Amico, Woglom, Stover, Agarwal, and Polanco. Plaintiff alleges defendants were deliberately indifferent towards his medical needs in violation of the Eighth Amendment. As relief, plaintiff seeks declaratory relief, compensatory damages, punitive damages, and any other relief the court deems just and proper.

On September 17, 2019, the court ordered plaintiff to particularize the complaint. Plaintiff failed to respond, and the court dismissed the action for failure to prosecute. On November 12, 2019, plaintiff filed a motion for reconsideration of the dismissal and provided a copy of his amended complaint. On December 6, 2019, the court granted plaintiff's motion for reconsideration and directed him to file his amended complaint on the forms prescribed by this court. Plaintiff filed his amended complaint on December 27, 2019.

The court conducted its frivolity review of plaintiff's complaint and amended complaint on January 22, 2020, and allowed the action to proceed. On April 16, 2021, the court granted

---

Hassan, which the court will address in forthcoming orders.

plaintiff's motion to amend naming additional doctors whose roles in plaintiff's treatment were not apparent until information was obtained during discovery. After being granted extensions, defendants Agarwal and Stover filed their instant motion to dismiss on June 18, 2021. On August 11, 2021, defendant Polanco filed his instant motion to dismiss. As noted above, plaintiff did not respond to either motion.

On January 27, 2022, plaintiff filed a consent motion to stay the case management deadlines. On February 4, 2022, plaintiff filed a motion for copies of case documents. The deadline for filing dispositive motions was February 27, 2022. All defendants, except defendant Uhren, filed dispositive motions.

## STATEMENT OF THE FACTS

In the light most favorable to plaintiff, the facts of the case are as follows. In December 2012, while at Central Prison, plaintiff placed a sick call for a knot on the joint of his big toe on his right foot. (Am. Compl. (DE 16) at 5). The knot was red and painful making it difficult for plaintiff to walk. (Id.). The prison's nurse was unable to determine what was wrong, gave plaintiff ibuprofen, and made an appointment for plaintiff to see the doctor. (Id.).

In early 2013, plaintiff was transferred to Lanesboro Correctional Institution. (Id.). The knot was getting bigger and more painful. (Id.). Defendant Hassan examined plaintiff and placed an order for an x-ray of plaintiff's foot. (Id.). An abnormality was seen in the x-ray, and plaintiff was treated with ibuprofen and gel insoles. (Id. at 6).

In the spring of 2013, plaintiff was transferred to Pasquotank Correctional Institution. (Id.). The knot was continuing to grow and becoming more sensitive. (Id.). Plaintiff was seen by defendant Woglom, and again given ibuprofen for pain. (Id.; Second Am. Compl. (DE 71) at

3

1). Plaintiff continued to attend sick calls regarding his foot for the next few months. (Am. Compl. (DE 16) at 6). At the end of 2013, plaintiff was transferred to Mountain View Correctional Institution. (Id.). While there, plaintiff was seen numerous times by defendant Uhren. (Id.; Second Am. Compl. (DE 71) at 1-2). Plaintiff received Tylenol and ibuprofen for pain. (Am. Compl. (DE 16) at 6). The knot continued to grow and become more painful, and plaintiff had a limp that had become more pronounced. (Id.).

In 2014, plaintiff was transferred to Piedmont Correctional Institution where he continued to attend sick calls with defendant Uhren for his foot. (Id.; Second Am. Compl. (DE 71) at 2). Defendant Polanco ordered x-rays but refused to send plaintiff to a specialist. (Am. Compl. (DE 16) at 6). Plaintiff was taken out of work for days at a time because of his inability to walk or stand for long periods. (Id.).

Between 2013 and 2014, defendants Woglom and Uhren submitted three different requests for podiatry visits for plaintiff to the Utilization Review Board. (Second Am. Compl. (DE 71) at 2). Defendant Stover denied these three requests. (Id.). Further, defendant Agarwal, also a member of the Utilization Review Board, denied podiatry requests from medical staff at Piedmont Correctional Institution and an appeal that followed. (Id.).

In 2015, plaintiff was transferred to Avery Mitchell Correctional Institution ("Avery Mitchell CI"). (Am. Compl. (DE 16) at 6). Plaintiff again continued to place sick calls for about a year and a half. (Id.). At this point, defendant Uhren gave plaintiff tramadol for pain. (Id. at 6–7). Plaintiff took tramadol for approximately two months before he requested to be taken off the medication because it upset his stomach and did not help the pain. (Id. at 7). Defendant D'Amico also treated plaintiff at Avery Mitchell CI. (Id.). Defendant D'Amico ordered x-rays

4

of plaintiff's foot and treated plaintiff's pain with Tylenol and ibuprofen. (Id.).

In December 2017, defendant Uhren sent plaintiff to a foot specialist. (Id.). At this point, the pain and limp prevented plaintiff from exercising. (Id.). Plaintiff was diagnosed with hallux rigidus and a bone spur. (Id.). He was also told that the joint in his big toe had deteriorated down to nothing. (Id.). The specialist scheduled plaintiff for emergency surgery five days after his appointment. (Id.). A doctor at Central Prison performed the surgery and placed an implant in plaintiff's toe. (Id.). After the surgery, plaintiff was in worse pain than before and cannot walk normally. (Id.). Plaintiff needs an additional surgery because the implant was not inserted properly. (Id.).

## COURT'S DISCUSSION

A.    Motion for Copies

The court begins with plaintiff's motion for copies. Plaintiff reports that his legal papers relating to the instant case were either stolen or thrown away. (Mot. for Copies (DE 120) at 1). Plaintiff requests copies of his "papers." (Id.). He does not specifically identify particular documents of which he needs copies. As a one-time courtesy, the court will provide copies of plaintiff's complaint, amended complaints, and docket sheet. The court reminds plaintiff that he is responsible for maintaining his legal records. Future requests for copies will require payment of the copying costs at the rate of fifty cents per page. See 28 U.S.C. § 1914 n.4 (District Court Miscellaneous Fee Schedule).

B.    Motion to Stay Case Deadlines

The court next addresses plaintiff's motion to stay case deadlines. Plaintiff requests a stay pending the court's ruling on the motions to dismiss filed by defendants Stover, Agarwal, and

5

Polanco and defendant Woglom's motion for summary judgment. Plaintiff reports that defendants consent to the motion. Accordingly, the court grants the motion to stay case deadlines.

C. Defendant Urhen's Failure to File Dispositive Motion

The court next considers defendant Urhen's failure to file a dispositive motion. As noted above, all other defendants have filed dispositive motions. The court directs defendant Uhren to file any such motions within 21 days of entry of this order.

D. Failure to Perfect Service on Defendant D'Amico

The court now turns to plaintiff's failure to perfect service as to defendant D'Amico. On April 16, 2021, the court granted plaintiff a 60-day extension of time to locate and effect service on defendant D'Amico. (Apr. 16, 2021, Ord. (DE 75) at 3). Plaintiff was advised that court had exhausted its methods for obtaining defendant D'Amico's current address and that the North Carolina Attorney General had complied with Standing Order 14-SO-02 by informing the court that DPS was unable to identify a current address for defendant D'Amico. (Id.). Plaintiff was further warned that "if he [could not] provide an accurate address for defendant D'Amico to the court by the end of the 60 days, the court [would] dismiss him without prejudice pursuant to Federal Rule of Civil Procedure 4(m)." (Id. at 6).

The 60-day extension has passed, and plaintiff has failed to locate or effect service on defendant D'Amico. Accordingly, the court dismisses plaintiff's claims against defendant D'Amico without prejudice.

E. Motions to Dismiss

    i. Standard of Review

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient

6

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The statute of limitations defense can be raised in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996); West v. ITT Cont'l Baking Co., 683 F.2d 845, 846 (4th Cir. 1982). When the statute of limitations is raised by a Rule 12 motion, the court examines whether the facts pleaded in the complaint or established by authenticated documents integral to the complaint demonstrate the complaint is untimely. Brooks, 85 F.3d at 181; Secretary of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007).

ii. Analysis

Defendants argue that the complaint should be dismissed for failure to state a claim, in part, because plaintiff's claims are barred by the statute of limitations. There is no federal statute of limitations for actions brought under 42 U.S.C. § 1983. Instead, the analogous state statute of limitations applies. See Wallace v. Kato, 549 U.S. 384, 387 (2007). Specifically, the state statute of limitations for personal injury actions governs claims brought under 42 U.S.C. § 1983. See id.; Battle v. Ledford, 912 F.3d 708, 713 (4th Cir. 2019). North Carolina has a three-year statute of limitations for personal injury actions. N.C. Gen. Stat. § 1-52(5); see Brooks, 85 F.3d at 181. Although the limitations period for claims brought under § 1983 is borrowed from state law, the time for accrual of an action is a question of federal law. Wallace, 549 U.S. at 388; Brooks, 85 F.3d at 181. A claim accrues when the plaintiff knows or has reason to know of the

7

injury which is the basis of the action. Owens v. Baltimore City State's Attorneys Office, 767 F.3d 379, 389 (4th Cir. 2014).

Here, plaintiff alleges defendants violated his Eighth Amendment rights by failing to appropriately treat his foot ailment and, thus, showing deliberate indifference to his serious medical need. An Eighth Amendment claim premised on deliberate indifference accrues "when a plaintiff becomes aware or has reason to know of the harm inflicted." DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018) (citing TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999)). Where "a harm has occurred more than once in a continuing series of acts or omissions, a plaintiff . . . may allege a 'continuing violation' for which the statute of limitations runs anew with each violation." Id. To assert a claim for deliberate indifference under the continuing violation doctrine, "a plaintiff must (1) identify a series of acts or omissions that demonstrate deliberate indifference to his serious medical need(s); and (2) place one or more of these acts or omissions within the applicable statute of limitations for personal injury." Id. at 487 (citing Shomo v. City of N.Y., 579 F.3d 176, 182 (2d Cir. 2009)).

In this case, plaintiff alleges he received treatment from defendant Polanco while incarcerated at Piedmont Correctional Institution from 2014 until his transfer to Avery Mitchell CI in 2015. (Am. Compl. (DE 16) at 6). He further alleges that defendants Stover and Agarwal denied the requests for podiatry visits between 2013 and 2014. (Second Am. Compl. (DE 71) at 2). Accordingly, the last date on which defendants Polanco, Stover, and Agarwal treated plaintiff or denied him treatment was December 31, 2015. Based on this date of accrual, the statute of limitations expired, at the latest, on December 31, 2018. See N.C. Gen. Stat. § 1-52(5). Plaintiff commenced this action, at the earliest, on July 25, 2019, the date he signed the original complaint.

8

(See Compl. (DE 1) at 5); Houston v. Lack, 487 U.S. 266, 270 (1988) (explaining pro se incarcerated plaintiff is entitled to "prison mailbox rule" whereby the date he delivers the filing to prison officials for mailing is the date of filing). Therefore, plaintiff's claims are barred by the statute of limitations where plaintiff filed this action more than three years after his claims accrued.

Further, the continuing violation doctrine does not save plaintiff's claims. Although, plaintiff alleges he suffered a medical issue spanning years up to and including the present, plaintiff's allegations regarding each of these three defendants and the treatment he received or denial of treatment from each are discrete acts or a series of acts that occurred outside the statutory time period. See DePaola, 844 F.3d at 487 (noting the continuing violation doctrine "does not apply to claims that are based on discrete acts of unconstitutional conduct, or those that fail to identify acts or omission within the statutory limitation period" (quotations marks and citations omitted)). Accordingly, plaintiff has failed to state a claim against defendants Polanco, Stover, and Agarwal.

## CONCLUSION

Based on the foregoing, plaintiff's motion to stay (DE 117) and defendants' motions to dismiss (DE 94, 109) are GRANTED. Plaintiff's motion for copies (DE 120) is GRANTED IN PART AND DENIED IN PART as provided above. The clerk is DIRECTED to send plaintiff copies of his complaint (DE 1), amended complaints (DE 16, 71), and docket sheet. Defendants D'Amico, Polanco, Stover, and Agarwal are DISMISSED from this action. Defendant Uhren is

DIRECTED to file any dispositive motion within **21 days** after entry of this order, and the clerk is DIRECTED to amend the docket as provided in footnotes one and two.

SO ORDERED, this the 10th day of March, 2022.

                                                LOUISE W. FLANAGAN
                                                United States District Judge