IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CT-3234-FL

| | |
|---|---|
| STEVE M. TOLBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| SAMI HASSAN, DR. ROBERT UHREN, | ) |
| and PETER WOGLOM, | ) |
| | ) |
| Defendants.[1] | ) |

This matter is before the court on defendant Peter Woglom's ("Woglom") motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (DE 97). Although advised of his right to do so, plaintiff did not respond to the motion. In this posture, the issues raised are ripe for ruling. For the following reasons, defendant's motion is granted.

## STATEMENT OF THE CASE

Plaintiff, a state inmate proceeding pro se, commenced this action by filing a complaint on August 7, 2019, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff names the following doctors providing medical services to state prisoners as defendants: Sami Hassan ("Hassan"), Robert Uhren ("Uhren"), and Woglom. Plaintiff alleges defendants were deliberately indifferent towards his medical needs in violation of the Eighth Amendment. As relief, plaintiff seeks declaratory relief, compensatory damages, punitive damages, and any

---

[1] Formerly-named defendants NCDPS Medical Staff and Dr. Stewart were dismissed by court order on January 22, 2020. Formerly-named defendant Arnett Coleman was dismissed by court order on August 14, 2020. The court dismissed formerly named defendants Keith D'Amico, Philip Stover, Abhay Agarwal, and Leonard Polanco by an order entered March 10, 2022.

other relief the court deems just and proper.

On September 17, 2019, the court ordered plaintiff to particularize the complaint. Plaintiff failed to respond, and the court dismissed the action for failure to prosecute. On November 12, 2019, plaintiff filed a motion for reconsideration of the dismissal and provided a copy of his amended complaint. On December 6, 2019, the court granted plaintiff's motion for reconsideration and directed him to file his amended complaint on the forms prescribed by this court. Plaintiff filed his amended complaint on December 27, 2019.

The court conducted its frivolity review of plaintiff's complaint and amended complaint on January 22, 2020, and allowed the action to proceed. On April 16, 2021, the court granted plaintiff's motion to amend naming additional doctors whose roles in plaintiff's treatment were not apparent until information was obtained during discovery.

Following an extended period of discovery, defendants filed the instant motion for summary judgment, relying on a memorandum of law, statement of material facts, and appendix of exhibits thereto, comprising the following: 1) defendant Woglom's affidavit; and 2) plaintiff's offender information screen. That same day, the court notified plaintiff that a motion for summary judgment had been filed and provided plaintiff with instructions regarding how to respond to the motion pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). As noted above, plaintiff did not respond to the motion.

## STATEMENT OF THE FACTS

The factual background, viewed in the light most favorable to plaintiff and drawn from his verified original compliant and verified amended complaint that was not submitted on the prescribed form, may be summarized as follows. In December 2012, while in Central Prison,

2

plaintiff was experiencing pain in the joint of his big toe on his right foot. (Pl.'s Decl. (DE 1-1) at 1). Medical staff at Central Prison gave plaintiff ibuprofen to treat his pain. (Id.). The pain persisted, and plaintiff would regularly complain during sick calls. (Id.). After being transferred to Lanesboro Correctional Institution, plaintiff was again given ibuprofen for his pain. (Id.). A cyst appeared where plaintiff had been experiencing pain, and medical staff then ordered x-rays of his foot. (Id.). Plaintiff was told "it was nothing and [he would] be fine." (Id.). However, plaintiff's pain persisted to the point he could not walk. (Id. at 1–2). The pain and problems walking continued until December 2017 when plaintiff was unable to move his foot without unbearable pain. (Id. at 2). For five years, plaintiff was only treated with Tylenol and ibuprofen. (Compl. (DE 1) at 3).

Plaintiff saw a physician's assistant and was diagnosed with a dorsal bunion. (Id.; Compl. (DE 1) at 2–3). That same physician's assistant informed plaintiff that he needed emergency surgery. (Pl.'s Decl. (DE 1-1) at 2). A couple of days later, at Central Prison, plaintiff had corrective surgery to place an implant in his toe. (Id.). However, the implant inserted during the surgery was inserted incorrectly causing more pain. (Compl. (DE 1) at 2–3; Pl.'s Decl. (DE 1-1) at 2). Plaintiff complained about the pain and was told the pain would subside over time. (Pl.'s Decl. (DE 1-1) at 2). However, the pain has never subsided. (Id.). Plaintiff's other foot is now becoming inflamed. (Compl. (DE 1) at 3).

## COURT'S DISCUSSION

A.   Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

3

Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (internal quotation omitted).

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace

v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489–90.

B.  Analysis

Defendant Wolgom argues that plaintiff's claims against him are time barred. There is no federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983. Instead, the analogous state statute of limitations applies. Burnett v. Grattan, 468 U.S. 42, 49 (1984). Specifically, the state statute of limitations for personal injury actions governs claims brought under 42 U.S.C. § 1983. See Wallace v. Kato, 549 U.S. 384, 387-88 (2007). North Carolina has a three-year statute of limitations for personal injury actions. N.C. Gen. Stat. § 1-52(5); see Tommy Davis Const., Inc. v. Cape Fear Pub. Util. Auth., 807 F.3d 62, 67 (4th Cir. 2015).

Although the limitations period for claims brought under § 1983 is borrowed from state law, the time for accrual of an action is a question of federal law. Wallace, 549 U.S. at 388; Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 181 (4th Cir. 1996). A claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. See Wallace, 549 U.S. at 391. However, when "a harm has occurred more than once in a continuing series of acts or omissions, a plaintiff under certain circumstances may allege a 'continuing violation' for which the statute of limitations runs anew with each violation." See DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018); Nat'l Advert. Co. v. City of Raleigh, 947

F.2d 1158, 1166-67 (4th Cir. 1991). In order to rely on the "continuing violations" doctrine, plaintiffs must "(1) identify a series of acts or omission that demonstrate [the constitutional violation]; and (2) place one or more of these acts or omissions within the applicable statute of limitations." DePaola, 884 F.3d at 487; see also Shomo v. City of N.Y., 579 F.3d 176, 182 (2d Cir. 2009).

Here, plaintiff commenced this action, at the earliest, on July 25, 2019, the date he signed the original complaint. (See Compl. (DE 1) at 5); Houston v. Lack, 487 U.S. 266, 270 (1988) (explaining pro se incarcerated plaintiff is entitled to "prison mailbox rule" whereby the date he delivers the filing to prison officials for mailing is the date of filing). Thus, any claims that accrued prior to July 25, 2016, are presumptively untimely under North Carolina law. See N.C. Gen. Stat. § 1-52(5); Tommy Davis Const., 807 F.3d at 67. Defendants offer undisputed evidence that defendant Woglom has not treated plaintiff within the statutory period. (Woglom Aff. (DE 101) ¶¶ 4–6). Plaintiff must come forward with "specific" evidence supporting this assertion to defeat defendants' motion for summary judgment. See Sedar v. Reston Town Ctr. Prop., LLC, 988 F.3d 756, 761 (4th Cir. 2021) ("[T]he nonmoving party, to survive the motion for summary judgment, must demonstrate specific, material facts that give rise to a genuine issue." (citing Celotex, 477 U.S. at 323)). However, he presents no verified evidence that he was ever treated by defendant Woglom.[2] Accordingly, plaintiff fails to show specific, material facts giving rise to a genuine issue, and defendant Woglom is entitled to summary judgment.

---

[2] As the court previously has explained to plaintiff, he cannot rely on unverified allegations in his statement of material facts or responsive briefing to create a triable issue of fact. See Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324; (See Roseboro Notice (DE 32)). Accordingly, the court does not consider plaintiff's unverified allegations in resolving defendants' motion for summary judgment.

## CONCLUSION

Based on the foregoing, defendant Woglom's motion for summary judgment (DE 97) is GRANTED.

SO ORDERED, this the 23rd day of March, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge